UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA SUMMERS, | ) | CASE NO. 4:16CV3084 |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | GEORGE J. LIMBERT |
| NANCY A. BERRYHILL[1], | ) | |
| ACTING COMMISSIONER OF SOCIAL | ) | MEMORANDUM OPINION |
| SECURITY ADMINISTRATION, | ) | AND ORDER |
| Defendant. | ) | |

Plaintiff Barbara Summers ("Plaintiff") requests judicial review of the final decision of the Commissioner of Social Security Administration ("Defendant") denying her application for Supplemental Security Income ("SSI"). ECF Dkt. #1. In her brief on the merits, filed on May 9, 2017, Plaintiff asserts that the administrative law judge ("ALJ") failed to properly: (1) weigh the medical opinion evidence when determining that she did not have any severe impairments; and (2) evaluate her credibility. ECF Dkt. #10. Defendant filed a response brief on July 10, 2017. ECF Dkt. #13. Plaintiff did not file a reply brief.

For the following reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

## I. PROCEDURAL HISTORY

In January 2013, Plaintiff filed an application for SSI. ECF Dkt. #9 ("Tr.") at 192.[2] Plaintiff's claim was denied initially and upon reconsideration. *Id.* at 95, 111. Subsequently, Plaintiff requested a hearing, which was held on August 11, 2015. *Id.* at 31. On September 1, 2015,

---

[1]On January 23, 2017, Nancy A. Berryhill became the acting Commissioner of Social Security, replacing Carolyn W. Colvin.

[2]All citations to the Transcript refer to the page numbers assigned when the Transcript was filed in the CM/ECF system rather than the page numbers assigned when the Transcript was compiled. This allows the Court and the parties to easily reference the Transcript as the page numbers of the .PDF file containing the Transcript correspond to the page numbers assigned when the Transcript was filed in the CM/ECF system.

the ALJ denied Plaintiff's application for SSI. *Id.* at 15. Subsequently, the Appeals Council denied Plaintiff's request for review. *Id.* at 4. Accordingly, the decision issued by the ALJ on September 1, 2015, stands as the final decision.

On December 28, 2016, Plaintiff filed the instant suit seeking review of the ALJ's decision. ECF Dkt. #1. Plaintiff filed a brief on the merits on May 9, 2017. ECF Dkt. #10. Defendant filed a response brief on July 10, 2017. ECF Dkt. #13. Plaintiff did not file a reply brief.

## II.     RELEVANT PORTIONS OF THE ALJ'S DECISION

The ALJ issued an unfavorable decision on September 1, 2015. Tr. at 15. In the decision, the ALJ stated that Plaintiff had not engaged in substantial gainful activity since January 31, 2013, the date of her application for SSI. *Id.* at 20. The ALJ indicated that Plaintiff had the following medically determinable impairments: hepatitis C; hypertension; mild left ventricular hypertrophy; hyperthyroidism; chronic obstructive pulmonary disease/emphysema; and a fracture of the left distal third metacarpal. *Id.* Continuing, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for twelve consecutive months, and, therefore, did not have a severe impairment. *Id.* at 20-21. Based on the above, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, since January 31, 2013, the date her application was filed. *Id.* at 25.

## III.    STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits. These steps are:

1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2.  An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by §205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937, citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon

-3-

the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (internal citations omitted).

## V. LAW AND ANALYSIS

### A. Severe Impairments

Plaintiff first asserts that the ALJ failed to properly weigh the medical opinion evidence presented in this case when finding that she did not have severe impairments. ECF Dkt. #10 at 7. Specifically, Plaintiff contends that the ALJ improperly gave little weight to the opinions of her treating physicians, Robert Bisel, D.O., and Phillip Starr, D.O., who opined that she had severe impairments, and instead assigned great weight to the opinions from the non-examining state agency medical consultants. *Id.* at 7-8. Plaintiff avers that the ALJ violated the treating physician rule and that the record does not support the ALJ's conclusion that the treating physicians based their opinions on Plaintiff's subjective complaints.[3] ECF Dkt. #10 at 9. In support of this position,

---

[3]Under the treating physician rule, ALJ must give controlling weight to the opinion of a treating source if the ALJ finds that the opinion is well-supported by medically acceptable clinical and diagnostic techniques and not inconsistent with the other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). If an ALJ decides to discount or reject a treating physician's opinion, he or she must provide "good reasons" for doing so. Social Security Rule ("SSR") 96-2p. The ALJ must provide reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This allows a claimant to understand how her case is determined, especially when she knows that her treating physician has deemed her disabled and she may therefore "be bewildered when told by an administrative bureaucracy that [s]he is not, unless some reason for the agency's decision is supplied." *Wilson,* 378 F.3d at 544 (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)). Further, it "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.* If an ALJ fails to explain why he or she rejected or discounted the opinions and how those reasons affected the weight afforded to the opinions, this Court must find that substantial evidence is lacking, "even where the conclusion of the ALJ may be justified based upon the record." *Rogers,* 486 F.3d at 243 (citing *Wilson*, 378 F.3d at 544).

The Sixth Circuit has noted that, "while it is true that a lack of compatibility with other record evidence is germane to the weight of a treating physician's opinion, an ALJ cannot simply invoke the criteria set forth in the regulations if doing so would not be 'sufficiently specific' to meet the goals of the 'good reason' rule." *Friend v. Comm'r of Soc. Sec.*, 375 Fed.Appx. 543, 551 (6th Cir. 2010). The Sixth Circuit has held that an ALJ's failure to identify the reasons for discounting opinions, "and for explaining precisely how those reasons affected the weight" given "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Parks v. Social Sec. Admin.*, 413 Fed.Appx. 856, 864 (6th Cir. 2011) (quoting *Rogers*, 486 F.3d at 243 ). However, an ALJ need not discuss every piece of evidence in the administrative record so long as he or she considers all of a claimant's medically determinable impairments and the opinion is supported by substantial evidence. *See* 20 C.F.R. § 404.1545(a)(2); *see also Thacker v. Comm'r of Soc. Sec.*, 99 Fed.Appx. 661, 665 (6th Cir. 2004). Substantial evidence can be "less

-4-

Plaintiff cites two documents, one from each treating physician, titled "Disability Impairment Questionnaire," on which each treating physician indicates that their opinion was based on clinical and laboratory findings.[4] *Id.* at 9 (citing Tr. at 356, 393). Plaintiff also claims that "the ALJ failed to cite any authority to support [the] conclusion that her impairments warranted more aggressive treatment to be disabling." *Id.* Continuing, Plaintiff states that conflicting substantial evidence must consist of more than only the medical opinions of the non-treating and non-examining doctors, and that reliance on the opinions of the non-examining psychologists was particularly egregious in this case. *Id.* at 10 (citing *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013)). Specifically, Plaintiff states that the non-treating physicians reviewed the record in 2013, prior to the time the treating physicians issued their opinions. *Id.*

Next, Plaintiff avers that the ALJ's reliance on her activities of daily living when discounting the opinions of the treating physicians was improper as the ability to perform these activities on a sporadic basis for short periods of time did not mean that she had no work-related limitations. ECF Dkt. #10 at 11. According to Plaintiff, even if the ALJ did not err by assigning less than controlling weight to the opinions of the treating physicians, the ALJ failed to consider the factors of 20 C.F.R. §§ 404.1527 and 416.927, namely: the examining and treatment relationship; the length of treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; supportability; consistency; specialization; and other relevant factors.

Defendant contends that substantial evidence supports the ALJ's step two finding that Plaintiff did not have severe impairment. ECF Dkt. #13 at 5. Defendant correctly states that Plaintiff bears the burden of establishing the existence of a severe medical impairment at step two of the sequential evaluation. *Id.* (citing *Griffith v. Comm'r of Soc. Sec.*, 582 Fed.Appx. 555, 559 (6th Cir. 2014)). Continuing, Defendant avers that the ALJ reasonably found that Plaintiff was not

---

than a preponderance," but must be adequate for a reasonable mind to accept the ALJ's conclusion. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (citation omitted).

[4]Each Disability Impairment Questionnaire asked that the clinical and laboratory findings supporting the diagnosis be attached. Tr. at 356, 393. No clinical or laboratory findings were attached to either Disability Impairment Questionnaire. *Id.* at 356-60, 393-97.

-5-

significantly limited in performing basic work activities during the relevant time, notwithstanding her medically determinable impairments. *Id.* at 6. Defendant argues that the ALJ properly evaluated the medical source opinion evidence, including the source evidence from the state agency physicians, who agreed that Plaintiff did not have a severe impairment, and that Plaintiff's challenges to the weight the ALJ assigned the opinions based on the limited access to the record are unavailing. *Id.* at 8. In support of this claim, Defendant avers that the ALJ assigned the opinions of the state agency physicians some weight and noted that the opinions were based on "information contained in the record at the time..." *Id.* at 8-9 (citing Tr. at 12).

Further, Defendant asserts that an ALJ must assign controlling weight to the opinion of a treating source if that opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence." *Wilson*, 378 F.3d at 544. Defendant continues, arguing that the ALJ adequately explained the decision to assign little weight to the opinions of Dr. Starr and Dr. Bisel. ECF Dkt. #13 at 9. Specifically, Defendant states that the ALJ noted that: Dr. Starr provided "very little" supporting evidence or clinical findings, other than listing Plaintiff's diagnoses and restating her subjective complaints; and Dr. Bisel provided "very little" evidence and restated Plaintiff's subjective symptomology. *Id.* at 9-10. According to Defendant, the ALJ offered the requisite "good reasons" to assign less than controlling weight to the opinions of the treating physicians, thereby fulfilling the requirements of the treating physician rule. *Id.* at 10.

The argument presented by Plaintiff is without merit. Plaintiff essentially asserts that the diagnoses of Dr. Starr and Dr. Bisel, both treating physicians, were not accepted by the ALJ as required by the treating physician rule at step two of the sequential analysis. ECF Dkt. #10 at 7-12. Step two of the sequential analysis looks to whether the claimant has any severe impairments. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Here, the ALJ determined that Plaintiff did not have a severe impairment. *See* Tr. at 20-21. In making such a determination, the ALJ discussed the medical evidence and opinion evidence. Tr. at 21-25.

When addressing the opinion evidence, the ALJ assigned little weight to the opinion of Dr. Starr because he "provided very little supporting evidence or clinical findings, other than listing

-6-

[Plaintiff's] diagnoses, and restating her subjective allegations, which [were] not fully credible..."[5] Tr. at 24. The ALJ also stated that Dr. Starr diagnosed hyperthyroidism and bradycardia, but that there was very little evidence of these problems in the record and no indication that these conditions resulted in limitations. *Id.* Further, the ALJ found that the extreme limitations in Dr. Starr's opinion were inconsistent with the record as a whole, including Plaintiff's: unremarkable diagnostic test results and physical examination findings; limited and conservative treatment history with evidence of prolonged medical noncompliance; and varied activities of daily living that indicated a greater level of functioning than alleged at the hearing.[6] *Id.*

The ALJ also addressed Dr. Bisel's opinion, stating that Dr. Bisel provided very little evidence and largely restated Plaintiff's subjective symptomology and diagnoses.[7] Tr. at 24. Further, the ALJ indicated that Dr. Bisel pointed to anxiety and depression as a source of Plaintiff's limitations, yet there was no evidence of treatment for these conditions and Dr. Bisel was not qualified to opine on her mental functioning as he was not a psychologist or psychiatrist. *Id.* Additionally, the ALJ indicated that Dr. Bisel pointed to chronic fatigue, hepatitis C, polysubstance abuse, and dizziness as limiting impairments, but that there was no evidence in the record indicating that such impairments limited Plaintiff's functioning. *Id.* The ALJ also noted that Plaintiff never had a "workup" or any significant treatment for hepatitis C, and that she denied having any problems with hepatitis C in over five years. *Id.*

The ALJ's treatment of the opinions of Dr. Starr and Dr. Bisel is supported by the record. Dr. Starr completed a Disability Impairment Questionnaire on which he listed Plaintiff's diagnoses as hypertension, tobacco abuse, hepatitis C, hypothyroidism, bradycardia, and fatigue. Tr. at 356.

---

[5] Plaintiff also takes issue with the ALJ's treatment of her credibility in the second section of her brief on the merits. *See* ECF Dkt. #10 at 12. Accordingly, the ALJ's treatment of her credibility is addressed below.

[6] The ALJ noted that Plaintiff's daily activities included: reading the Bible; washing dishes; taking out the trash; vacuuming; sweeping floors; watering plants; watching television; gardening; cultivating cannabis plants; babysitting her granddaughter while her daughter was at work; attending church weekly; doing light housework; and cooking. Tr. at 23.

[7] Despite citing to Dr. Bisel's opinion, the ALJ mistakenly refers to Dr. Bisel as "Dr. Bisef" or Dr. Starr in this paragraph. *See* Tr. at 24.

Despite the form requesting that Dr. Starr "please attach test results" from the clinical and laboratory findings that support the diagnoses, it does not appear that any medical records were attached. *See id*. at 356-60. Dr. Bisel completed a Disability Impairment Questionnaire on which he listed Plaintiff's diagnoses as chronic fatigue, hepatitis C, anxiety, depression, history of polysubstance abuse, and dizziness. *Id*. at 393. Like Dr. Starr, it does not appear that Dr. Bisel attached any medical records despite the request. *See id.* at 393-97.

The only pieces of medical evidence of record cited by Plaintiff are brief notations indicating: (1)"[b]radycardia present"; and (2) "[s]ystolic murmur is present with a grade of 4/6." ECF Dkt. #10 at 9 (citing Tr. at 319, 374). Plaintiff fails to cite any substantial medical evidence in the record that supports the findings of Dr. Starr or Dr. Bisel, or shows the basis on which they issued their opinions. Instead, Plaintiff states that the ALJ failed to cite to any medical or legal authority to support the conclusion that the findings of bradycardia and a systolic murmur could not cause the limitations described by Dr. Starr and/or Dr. Bisel. *Id.* Plaintiff improperly shifts the burden to the ALJ to produce evidence contrary to the opinions of Dr. Starr and Dr. Bisel, as she bears the burden at step two of the sequential evaluation. The only evidence cited by Plaintiff is two treatment notes in the medical record noting bradycardia and a systolic murmur that, as mentioned above, are insufficient grounds for the limitations assessed by Dr. Starr and/or Dr. Bisel, especially when considered in conjunction with all of the reasons the ALJ offered for discounting their opinions.

Additionally, Plaintiff appears to claim that the ALJ erred by relying on conflicting evidence that did not consist of more that the medical opinions of the non-treating and non-examining doctors. *See* ECF Dkt. #10 at 10 (citing *Gayheart.*, 710 F.3d at 377). In making this argument, Plaintiff ignores the fact that the ALJ provided numerous reasons for discounting the opinions of Dr. Starr and Dr. Bisel, as discussed above. *See* Tr. at 24. When discounting the opinions of Dr. Starr and Dr. Bisel, the ALJ relied on the lack of evidence in the record supporting the opinions, diagnoses that had little or no basis in the record, unremarkable test results and examination findings, the limited and conservative treatment history, and Plaintiff's activities of daily living. *See id.*

Further, Plaintiff's claim that the ability to perform activities on a sporadic basis for short periods of time does not support a finding that she does not have work-related limitations is belied by the variety and frequency of her activities of daily living. *See* ECF Dkt. #10 at 11. The ALJ noted that Plaintiff's daily activities included: reading the Bible; washing dishes; taking out the trash; vacuuming; sweeping floors; watering plants; watching television; gardening; cultivating cannabis plants; babysitting her granddaughter while her daughter was at work; attending church weekly; doing light housework; and cooking. Tr. at 23. The lack of limitations presented in Plaintiff's activities of daily living support the ALJ's conclusion that Plaintiff did not have severe impairments.

Finally, Plaintiff asserts that the ALJ failed to assess the opinions of Dr. Starr and Dr. Bisel under 20 C.F.R. §§ 404.1527 and 416.927.[8] ECF Dkt. #10 at 12. The ALJ provided a thorough recitation of the relatively short medical record presented in this case, including summaries of Plaintiff's treatment with Dr. Starr and Dr. Bisel. *See* Tr. at 21-23. In doing so, the ALJ properly addressed the factors of 20 C.F.R. §§ 404.1527 and 416.927. Notably, this paragraph of Plaintiff's brief is totally devoid of citations to the record and instead appears to refer again to the opinions of Dr. Starr and Dr. Bisel, which, for the reasons addressed above, are not supported by the record and were properly discounted by the ALJ. *See* ECF Dkt. #10 at 12. For these reasons, the Court finds that the ALJ provided "good reasons" for discounting the opinions of Dr Starr and Dr. Bisel, and that the ALJ's decision is supported by substantial evidence.

### B.    Credibility

Next, Plaintiff asserts that the ALJ's credibility determination is not supported by substantial evidence. ECF Dkt. #10 at 12. The Court disagrees. ALJs are not required to accept a claimant's subjective complaints and an ALJ's findings about a claimant's credibility are afforded great weight and deference. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). The ALJ relied on the following when assessing Plaintiff's credibility: benign diagnostic test results and physical

---

[8]The factors of 20 C.F.R. §§ 404.1527 and 416.927 are: the examining and treatment relationship; the length of treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; supportability; consistency; specialization; and other relevant factors.

examinations; no evidence of difficulties related to her third metacarpal fracture, the lack of alleged limitations regarding the metacarpal at the hearing, and the record showing that the metacarpal healed well; the limited and very conservative treatment history; no "workup" or plans for treatment of her hepatitis C; the absence of documentation of treatment of her hepatitis C; her history of noncompliance with medical recommendations; her continued daily use of cigarettes and marijuana; her cultivation of marijuana; and the fact that she engaged in a variety of daily activities that indicated a greater level of functioning than alleged. Tr. at 23.

While Plaintiff disagrees with the ALJ's characterization of her diagnostic testing and physical examinations as "benign," she fails to cite any evidence to the contrary other than stating that the evidence was already detailed in the first section of her brief on the merits. ECF Dkt. #10 at 14. As stated in the prior section of the instant Memorandum Opinion and Order, Plaintiff failed to cite evidence supporting the existence of severe impairments. Further, insofar as Plaintiff claims that the ALJ's decision was based solely on objective medical evidence, Plaintiff is incorrect. As discussed above, the ALJ relied on objective medical evidence, but also Plaintiff's lack of treatment, her continued use of cigarettes and marijuana, and her activities of daily living. Tr. at 23.

Next, Plaintiff indicates that she had not received treatment due to financial trouble, and that the ALJ did not cite evidence that she refused hepatitis C treatment. ECF Dkt. #10 at 14. Plaintiff bears the burden of showing that she was disabled at step two, and this burden cannot be shifted to the ALJ to demonstrate that she turned down treatment. *See Moon*, 923 F.2d at 1181. Finally, Plaintiff claims that the ALJ erred by criticizing her for continuing to smoke cigarettes since smoking is addictive and there was no evidence that her conditions were severe only because she smoked cigarettes. ECF Dkt. #10 at 14-15 (citing *Shamramek v. Apfel*, 226 F.3d 809 (7th Cir. 2000)). Plaintiff states that here, as in *Shramek*, there is no evidence that her conditions were severe only because of her continued smoking. *Id.* at 15. Plaintiff's argument misunderstands the ALJ's decision. The ALJ indicated that Plaintiff's continued smoking showed her noncompliance with medical recommendations, not that the only reason her conditions were severe was her continued smoking. In fact, the ALJ in the instant case did not find Plaintiff's impairments to be severe

notwithstanding her smoking. Based on the above, the Court finds that Plaintiff has failed to show that the ALJ's credibility determination is not supported by substantial evidence.

## **VI.** **CONCLUSION**

For the foregoing reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

Date: March 14, 2018           */s/George J. Limbert*
                               GEORGE J. LIMBERT
                               UNITED STATES MAGISTRATE JUDGE